LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | September 19, 2013 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

### ORDER TO SHOW CAUSE

 On July 8, 2013, Plaintiff Sharon King's suit against Fremont Home Loan Trust, HSBC Bank USA National Association, Litton Loan Servicing, and Does 1-10 (collectively, "Defendants") was transferred from federal bankruptcy to federal district court.  (Sharon King v. Fremont Home Loan Trust 2006-C et al., [In re King], Ch. 13 Case No. 13-18433-SK, Adv. No. 13-1417, Docket No. 10-2, [Mot. to Transfer] [C.D. Cal.].)  Specifically, Plaintiff alleges that Defendants foreclosed her house which was free and clear from all encumbrances.  (Docket No. 3, [Complaint ("Compl.")] ¶¶ 16, 22.)  Plaintiff avers that she never took out a loan with Defendants, and only became aware of their involvement when she received a Notice of Trustee's Sale.  (Id. ¶ 22.)

 Plaintiff asserts that jurisdiction is appropriate in this case under 11 U.S.C. § 548 and 28 U.S.C. § 157(b)(1).  (Id. ¶¶ 1.)  The complaint fails to allege that there is a private cause of action that would allow her to bring suit in district court.  (Id.)  And as explained in greater detail below, Plaintiff has failed to properly show that jurisdiction is proper in the present action.

 Because it appears that neither federal question nor diversity jurisdiction exist here, Plaintiff is **ORDERED TO SHOW CAUSE** as to why the action should not be dismissed due to lack of subject matter jurisdiction.

**I.
DISCUSSION**

LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | September 19, 2013 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

With respect to federal question jurisdiction, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)).

With respect to potential diversity jurisdiction claims, 28 U.S.C. § 1332 provides as follows:
> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state . . . as plaintiff and citizens of a state or different States.

28 U.S.C. § 1332(a).

For purposes of § 1332(a), a corporation is deemed to be a "citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." Id. at § 1332(c)(1) (emphasis added). "All national banking associations shall . . . be deemed citizens of the State in which they are respectively located." A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). The diversity citizenship of a trust, meanwhile, is based on the citizenship of the trustee. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.") (citation omitted).

LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | September 19, 2013 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

**B. APPLICATION**

Plaintiff's only basis for asserting subject matter jurisdiction in this case is that "'all transactions by and between the parties herein was conducted in Los Angeles County . . . .'" (Compl. ¶ 1.) Further, Plaintiff states that jurisdiction is proper under 11 U.S.C. § 548 and 28 U.S.C. § 157(b)(1). (Id. ¶¶ 1.) However, 11 U.S.C. § 548 does not give a private right of action and 28 U.S.C. § 157(b)(1) pertains to the jurisdiction of federal bankruptcy courts, not federal district courts. Therefore, it appears from the face of the Complaint that a federal question does not exist.

Plaintiff also fails to properly allege the citizenship of the parties for diversity jurisdiction purposes, and does not allege an amount in controversy. Plaintiff claims that she resides in California, but does not allege her citizenship. (Compl. at 2.) She sues a trust, while only alleging its place of business, rather than the residency of a trustee. (Id.) She sues a national banking association while alleging only that it does business in California. (Id.) And she sues another organization, whose corporate form is unknown, declaring only that it does business in California. It is therefore unclear if the parties to this case are diverse.

## II.
## CONCLUSION

This Court must have federal question *or* diversity jurisdiction in order to hear Plaintiff's case, and Plaintiff has not alleged facts sufficient to support either. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** no later **October 11, 2013**, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**