LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | January 14, 2014 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)


**ORDER TO SHOW CAUSE**

On July 8, 2013, Plaintiff Sharon King's suit against Fremont Home Loan Trust, HSBC Bank USA, N.A., Litton Loan Servicing, and Does 1-10 (collectively, "Defendants") was transferred from federal bankrupcy to federal district court.  (Sharon King v. Fremont Home Loan Trust 2006-C et al., [In re King], Ch. 13 Case No. 13-18433-SK, Adv. No. 13-1417, Docket No. 10-2, [Mot. to Transfer] [C.D. Cal.].)  Plaintiff alleges that Defendants foreclosed her house which was free and clear from all encumbrances.  (Docket No. 3, [Complaint ("Compl.")] ¶¶ 16, 22.)  Plaintiff avers that she never took out a loan with Defendants, and only became aware of their involvement when she received a Notice of Trustee's Sale.  (Id. ¶ 22.)

The Court previously ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction.  (Docket No. 8 [9/19/13 Order].)  Plaintiff responded, but here response was insufficient and the Court therefore issued another order to show cause.  (Docket No. 16 [12/5/13 Order].)  Plaintiff has now responded to that order as well, but again the response does not address the jurisdictional problems present in her initial Complaint.  (Docket No. 17 [Response to 12/5/13 Order ("Resp.")].)

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  This can be done either by asserting federal question jurisdiction, or by asserting diversity jurisdiction.  Plaintiff has done neither.

Though she has previously asserted that this Court had both federal question and diversity jurisdiction, it now appears that Plaintiff relies solely upon diversity jurisdiction.  Diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | January 14, 2014 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states.  28 U.S.C. § 1332(a).  It appears that the amount in controversy exceeds $75,000.  (Compl. at 8.)  However, neither Plaintiff's Complaint nor her response properly allege the citizenship of the Parties.

   In assessing diversity jurisdiction, an individual's citizenship is determined by his state of domicile.  See Kanter v. Warner-Lamber Co., 265 F.3d 853, 857–58 (9th Cir. 2001).  "A person's domicile is his permanent home, where []he resides with the intention to remain or to which []he intends to return."  Id.  Plaintiff's Complaint alleges that she is "an individual residing and doing business in Los Angeles County California."  (Compl. ¶ 3.)  But mere allegations of residence are insufficient.  **Plaintiff must name the state in which she makes her permanent home, or domicile, in order to establish her own citizenship**.

   In addition, Plaintiff has not adequately pled the citizenship of any of Defendants.  Defendant HSBC Bank USA, N.A., is a national banking association.  "All national banking associations . . . [are] deemed citizens of the State in which they are respectively located."  28 U.S.C. § 1348.  And a national banking association is "located," for purposes of the diversity jurisdiction inquiry, in the state in which its main office is located.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  Plaintiff states that Defendant HSBC Bank USA, N.A., has its executive office in New York.  (Resp. at 2.)  An executive office is not necessarily identical to a main office; therefore **Plaintiff must still plead the citizenship of Defendant HSBC Bank USA, N.A., by alleging the state in which is has its main office.**

   She alleges that Defendant Fremont Home Loan Trust 2006-C is "a Trust doing business in Los Angeles County, California," but the place of citizenship does not depend upon where a trust does business.  (Compl. ¶ 4.)  To adequately plead its citizenship, Plaintiff must plead the citizenship of every trustee.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.") (citation omitted).  In response to this Court's prior order, Plaintiff has charged that this Defendant does business in Ohio.  (Resp. at 2.)  This is not sufficient.  **Plaintiff must provide the citizenship of Defendant Fremont Home Loan Trust by alleging the citizenship of its trustees.**

   Finally, Plaintiff alleges that Defendant Litton Loan Servicing LP "do[es] business in Los Angeles County, California."  (Compl. ¶ 6.)  She then states in her response to the Court's prior order that it "is Located in Texas."  (Resp. at 2.)  However, both of these are insufficient to determine citizenship.  If, as it appears, this Defendant is a partnership, its citizenship depends upon that of its partners.  Johnson, 437 F.3d at 899.  In other words, to establish its citizenship, **Plaintiff must allege the citizenship of Defendant Litton Loan Servicing LP's partners.**

**LINK: 17**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | January 14, 2014 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

      In order to assist Plaintiff, the Court provides the following contact information for the Federal Pro Se Clinic, which can help her in responding to this order to show cause.  The Federal Pro Se Clinic in Los Angeles is located in:

      The United States Courthouse
      312 N. Spring Street, Room G-19, Main Street Floor
      Los Angeles, CA 90012

and can be reached at 213-385-2977, Ext. 270.  Plaintiff is urged to check the website or call for available hours.

      The Court is still unable to determine whether it may exercise jurisdiction over this action because Plaintiff has not properly alleged the Parties' citizenship.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must submit a response to this Order **by close of business Friday, February 7, 2014.  <u>Failure to respond will be deemed consent to dismissal of the action.</u>**

      **IT IS SO ORDERED.**