JS - 6    LINK: 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | February 21, 2014 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

### ORDER DISMISSING CASE

On July 8, 2013, Plaintiff Sharon King's suit against Fremont Home Loan Trust, HSBC Bank USA, N.A., Litton Loan Servicing, and Does 1-10 (collectively, "Defendants") was transferred from federal bankruptcy to federal district court.  (<u>Sharon King v. Fremont Home Loan Trust 2006-C et al.</u>, [<u>In re King</u>], Ch. 13 Case No. 13-18433-SK, Adv. No. 13-1417, Docket No. 10-2 [Mot. to Transfer] [C.D. Cal.].)  Plaintiff alleges that Defendants foreclosed her house, which was free and clear from all encumbrances.  (Docket No. 3 [Complaint ("Compl.")] ¶¶ 16, 22.)  Plaintiff avers that she never took out a loan with Defendants, and only became aware of their involvement when she received a Notice of Trustee's Sale.  (<u>Id.</u> ¶ 22.)

However, Plaintiff's jurisdictional allegations were deficient.  As a result, the Court ordered her to show cause why the case should not be dismissed.  (Docket No. 8 [9/19/13 Order].)  Her response failed to remedy the defects, and the Court has now issued three such orders to show cause.  (<u>See</u> 9/19/13 Order; Docket No. 16 [12/5/13 Order]; Docket No. 18 [1/14/14 Order].)

In each of its orders, the Court has taken great pains to explain that federal courts are courts of limited jurisdiction and that the burden of establishing jurisdiction rests upon Plaintiff, as the party asserting it.  <u>Kokkonen v. Guardian Life Ins. Co. Of Am.</u>, 511 U.S. 375, 377 (1994). The Court has then described the fashion in which Plaintiff might be able to establish jurisdiction, whether by alleging the diversity of parties or presenting a federal question. Because it appeared that Plaintiff's intent was to invoke this Court's diversity jurisdiction, the Court has recited the specific elements necessary to demonstrate the citizenship of each of the Parties in this action.  And the Court has provided Plaintiff with the contact information of the

JS - 6    **LINK: 19**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04620 GAF | Date | February 21, 2014 |
|---|---|---|---|
| Title | Sharon King v. Fremont Home Loan Trust 2006-C et al | | |

Federal Pro Se clinic, in an effort to help her respond to these orders.

     After all of this, Plaintiff has still failed to adequately plead the citizenship of any of the Parties to this action.  In her most recent response, she describes Fremont Home Loan Trust's principal place of business as Georgia, but she fails to indicate the citizenship of its trustees.  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.") (citation omitted).  She states that HSBC Bank USA, N.A., does business in New York but she does not indicate the state in which it keeps its main office.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  She does not even mention Litton Loan Servicing LP, whose citizenship remains unsettled.  See Johnson, 437 F.3d at 899 (describing the citizenship of a partnership as dependent upon the citizenship of each of its partners).

     The Court has given Plaintiff several opportunities to cure her jurisdictional defects.  But in the five months since this process began, she has made no progress whatsoever in her efforts to plead the citizenship of Defendants.  Accordingly, and because the Court is convinced of the futility of granting Plaintiff additional opportunities to respond, this case is hereby **DISMISSED** for lack of subject matter jurisdiction.

     **IT IS SO ORDERED.**